UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

NALDO REYES,

                                      Plaintiff,    **COMPLAINT**

-against-

                                      08 CV 4898 (CM)

THE CITY OF NEW YORK; COMMISSIONER MARTIN
F. HORN; WARDEN JOHN DOE # 1; CAPTAIN                ECF Case
WILLIAMS; C.O. GATOR; C.O. HOUSTON; C.O.
McCOY; and C.O. JANE DOE # 1; the individual             Jury Trial Demanded
defendants sued individually and in their official capacities,

                                    Defendants.

------------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), and the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. The claims arise from an incident(s), which occurred on or about March 3, 2007. During the incidents, the City of New York and members New York City Department of Correction ("DOC") subjected plaintiff to, among other things, assault and battery; excessive force; excessive, unreasonable and unnecessary force; failure to protect; failure to provide medical care; retaliation for free speech; fabricated evidence; conspiracy; intentional and negligent infliction of emotional distress; harassment; gross negligence; negligent hiring and retention of incompetent and unfit employees; negligent supervision, training and instruction of employees; and implementation and continuation of an unlawful municipal policy, practice, and custom. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

**JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the First, Fifth, Eighth, and Fourteenth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law. A notice of claim was duly filed on the City of New York within 90 days of the incidents at issue, more than 30 days have elapsed since such filing and the City has refused to settle plaintiff's claims. Moreover, this action has been filed within one year and 90 days of the incidents that are the basis of this claim.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Bronx County, and the City of New York is subject to personal jurisdiction in the Southern District of New York.

**PARTIES**

5. Plaintiff Naldo Reyes is a resident of the state of New York, New York County.

6. Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7. Defendant Martin F. Horn is the Commissioner of the DOC who violated plaintiff's rights as described herein.

8. Defendant Warden John Doe # 1 is a New York City Correction Warden employed at the North Infirmary Command ("NIC"), located in East Elmhurst, New York who violated plaintiff's rights as described herein.

9. Defendant Captain Williams is a New York City Correction Supervisor employed at the NIC located in East Elmhurst, New York who violated plaintiff's rights as described herein.

10. Defendant C.O. Gator is a New York City Correction Officer employed at the NIC, located in East Elmhurst, New York who violated plaintiff's rights as described herein.

11. Defendant C.O. Houston is a New York City Correction Officer employed at the NIC, located in East Elmhurst, New York who violated plaintiff's rights as described herein.

12. Defendant C.O. McCoy is a New York City Correction Officer employed at the NIC, located in East Elmhurst, New York who violated plaintiff's rights as described herein.

13. Defendant C.O. Jane Doe # 1 is a New York City Correction Officer employed at the NIC, located in East Elmhurst, New York who violated plaintiff's rights as described herein.

14. The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

15. The following is a summary set forth for the purpose of demonstrating, and providing notice of plaintiff's claims against the defendants. Plaintiff has not set forth each and every fact concerning the incident(s) described below.

16. On March 2, 2007 at approximately 9:00 p.m., at NIC, East Elmhurst, New York, correction officers and supervisors, including upon information and belief, defendant Warden John Doe # 1, Captain Williams, C.O. Gator, C.O. Houston, C.O. McCoy, and C.O. Jane

Doe # 1, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiff.

17. Prior to and on March 2, 2007, at NIC, East Elmhurst, New York, defendants Warden John Doe # 1, and Captain Williams knew that plaintiff was incarcerated under conditions posing a substantial risk of serious harm, because corrections officers often physically abused inmates and detainees at the NIC, and defendants Warden John Doe # 1, and Captain Williams tolerated such unlawful conduct, thereby acting with deliberate indifference to the safety of plaintiff.

18. Plaintiff was watching television at NIC, when defendants approached plaintiff and removed him to the intake area.

19. In the intake area, defendants Captain Williams, C.O. Gator, C.O. Houston, C.O. McCoy, and C.O. Jane Doe # 1 maliciously, gratuitously, and unnecessarily struck plaintiff repeatedly about the head and body with kicks and punches, and placed plaintiff in handcuffs. Plaintiff was injured as a result of these acts. Those defendants who did not touch plaintiff witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

20. Defendants Captain Williams, C.O. Gator, C.O. Houston, C.O. McCoy, and C.O. Jane Doe # 1 committed the above-detailed use of excessive force without need, provocation, or justification.

21. Thereafter, defendants Captain Williams, C.O. Gator, C.O. Houston, C.O. McCoy, and C.O. Jane Doe # 1 denied plaintiff medical care despite his repeated requests for medical treatment.

22. After the beating, defendants Captain Williams, C.O. Gator, C.O. Houston, C.O. McCoy, and C.O. Jane Doe # 1 told plaintiff that if he sought medical treatment

or complained about the incident, they would subjected him to further beatings and disciplinary charges.

23. Defendants Captain Williams, C.O. Gator, C.O. Houston, C.O. McCoy, and C.O. Jane Doe # 1 observed plaintiff's injuries.

24. In addition, defendants Captain Williams, C.O. Gator, C.O. Houston, C.O. McCoy, and C.O. Jane Doe # 1 placed plaintiff in disciplinary confinement and purposely delayed his access to medical care by not following DOC policies concerning use of force incidents and the treatment of inmates.

25. Eventually, plaintiff received medical treatment, but only after another officer observed his injuries and ensured that he was provided with medical treatment.

26. In retaliation for plaintiff seeking medical treatment, defendants Captain Williams, C.O. Gator, C.O. Houston, C.O. McCoy, and C.O. Jane Doe # 1 brought false disciplinary proceedings against plaintiff.

27. Defendants, Captain Williams, C.O. Gator, C.O. Houston, C.O. McCoy, and C.O. Jane Doe # 1 subjected plaintiff to the unlawful disciplinary process to cover up the aforementioned unlawful acts by defendants.

28. Defendant Captain Williams supervised defendants C.O. Gator, C.O. Houston, C.O. McCoy, and C.O. Jane Doe # 1 in the above-stated unlawful acts.

29. The aforesaid events are not an isolated incident. Defendants Commissioner Martin F. Horn, Warden John Doe # 1, and Captain Williams have been aware (from lawsuits, notices of claim and complaints) that many of the DOC's officers are insufficiently trained on the proper way to use force, provide medical care, and how not to act with deliberate indifference. Commissioner Martin F. Horn, Warden John Doe # 1, and Captain

Williams are further aware that such improper conduct and training has often resulted in a deprivation of civil rights. Despite such notice, Martin F. Horn, Warden John Doe # 1, and Captain Williams have failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

30. Moreover, Commissioner Martin F. Horn, Warden John Doe # 1, and Captain Williams were aware prior to the incident that the defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as officers. Despite such notice, Commissioner Martin F. Horn, Warden John Doe # 1, and Captain Williams have retained these officers, and failed to adequately train and supervise them.

31. At no time did plaintiff did physically assault or unlawfully resist any detainee or officer at any time during the above incidents.

32. Plaintiff did not engage in prohibited, suspicious, unlawful or criminal activity prior to or during the above incidents.

33. The individual defendants did not observe plaintiff engaged in prohibited, suspicious, unlawful, or criminal conduct at any time prior to or during the above incidents.

34. At no time prior, during, or after the above incidents were the individual defendants provided with information or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had engaged in prohibited, suspicious, unlawful or criminal conduct.

35. As a result of defendants' actions plaintiff experienced personal and physical injuries (including swelling, bleeding, and injury to his eye socket), pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

## FEDERAL AND STATE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

36.  Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

37.  The conduct of defendant officers, as described herein, amounted to assault and battery; excessive force; excessive, unreasonable and unnecessary force; failure to protect; failure to provide medical care; retaliation for free speech; fabricated evidence; conspiracy; intentional and negligent infliction of emotional distress; harassment; gross negligence; negligent hiring and retention of incompetent and unfit employees; negligent supervision, training and instruction of employees; and implementation and continuation of an unlawful municipal policy, practice, and custom.

38.  The conduct of the defendant officers, as described herein, violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), the First, Fifth, Eighth, and Fourteenth, and Fourteenth Amendments to the United States Constitution, and New York State law, by committing assault and battery; excessive force; excessive, unreasonable and unnecessary force; failure to protect; failure to provide medical care; retaliation for free speech; fabricated evidence; conspiracy; intentional and negligent infliction of emotional distress; harassment; gross negligence; negligent hiring and retention of incompetent and unfit employees; negligent supervision, training and instruction of employees; and implementation and continuation of an unlawful municipal policy, practice, and custom.

39.  Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive

plaintiff of his rights secured by 42 U.S.C. §§ 1983 and 1985(3), the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and New York State law.

40. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

41. The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

**FEDERAL AND STATE CLAIMS AGAINST DEFENDANT HORN**

42. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

43. Defendant Commissioner Martin F. Horn is liable, in his official capacity, to plaintiff because: (1) he created and allowed to continue a policy or custom under which unconstitutional practices occurred, (2) he was grossly negligent in supervising subordinates who committed the wrongful acts, and (3) he exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring.

44. Upon information and belief, defendant Horn was aware from notices of claim, lawsuits, complaints, and the DOC's own observations that the officers sued in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

45. Nevertheless, defendant Horn exercised deliberate indifference by failing to take remedial action.

46. The aforesaid conduct by defendant Horn violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, First, Fifth, Eighth, and Fourteenth, and Fourteenth Amendments to the United States Constitution, and New York State law, by failing to re-train the defendant subordinate officers, failing to adequately discipline the defendant subordinate officers, failing to adequately investigate prior complaints against the defendant subordinate officers either at the facilities where the incidents occurred and/or at his Headquarters located in New York, New York, creating a culture where officers are encouraged to ignore, harass, and violate individuals, and acting in a manner which amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

47. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal injuries, pain and suffering, fear, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

48. The aforesaid conduct of defendant Horn amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

**FEDERAL AND STATE CLAIMS AGAINST THE CITY OF NEW YORK**

49. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

50. The City of New York directly caused the constitutional violations suffered by plaintiff.

51. Upon information and belief, the City of New York was aware from notices of claim, lawsuits, complaints, and from the DOC's own observations, that the officers involved in the present case were unfit to be officers, and that it was highly likely that they would commit the acts alleged in the present case.

52. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action, and allowing a policy, custom, and practice to become pervasive at its Rikers Island detention centers that allows inmate gangs to injure and violate other detainees with the approval, support, and consent of correction officers and officials.

53. Further, the City of New York failed to properly train, re-train, supervise, discipline, monitor, and improperly utilized and retained these officers. Moreover, the City of New York failed to adequately investigate prior complaints against the officers and created a culture where officers can ignore, harass, assault and violate individuals without consequence. Indeed, when individuals file complaints against officers, the City has a policy, custom, and practice of failing to substantiate or address the complaint, even under circumstances where the complaint is corroborated and credible, and the account given by the officer is unworthy of belief.

54. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fifth, Eighth, and Fourteenth, and Fourteenth Amendments to the United States Constitution.

55. Moreover, the aforesaid conduct by the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

56. Finally, under state law, the City of New York is responsible for its employees' actions under the doctrine of respondeat superior.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Costs, interest and attorney's fees; and

    d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    New York, New York
              May 27, 2008

              MICHAEL O. HUESTON, ESQ.
              *Attorney for Plaintiff*
              350 Fifth Avenue, Suite 4810
              New York, New York 10118
              (212) 643-2900
              mhueston@nyc.rr.com
              By:

              _____
              MICHAEL O. HUESTON (MH-0931)