```
┌─────────────────────────┐
│ USDS SDNY               │
│ DOCUMENT                │
│ ELECTRONICALLY FILED    │
│ DOC #: _____  │
│ DATE FILED: 6/19/08     │
└─────────────────────────┘
```



THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**BRIAN FRANCOLLA**
*Assistant Corporation Counsel*
Tel.: (212) 788-0988
Fax: (212) 788-9776

# MEMO ENDORSED

June 19, 2008

6/19/08
OK
[signature]

**BY FACSIMILE: 212 805-6326**
Honorable Colleen McMahon
United States District Judge
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 640
New York, New York 10007-1312

Re: <u>Naldo Reyes v. The City of New York, et al.</u>,
    08 CV 4898 (CM)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to handle the defense of the above-referenced matter on behalf of defendants City of New York and Commissioner Martin Horn. In that capacity, I write with consent of plaintiff's counsel, Michael Hueston, Esq., to respectfully request a sixty-day enlargement of time, from June 23, 2008 until August 22, 2008, within which defendants may answer or otherwise respond to the complaint. This is the first request for an enlargement of time.

      The complaint alleges that plaintiff was assaulted on March 3, 2007 by Correction Officers of the New York City Department of Correction and subsequently denied medical treatment. In addition to the City of New York and Commissioner Martin Horn, plaintiff names Correction Captain Williams, Correction Officer Gator, Correction Officer Houston, Correction Officer McCoy, an unidentified warden and an unidentified correction officer as defendants. Before we can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. Given the allegations in this case concerning plaintiff's physical and/or psychological injuries, an enlargement of time will allow this Office to forward to plaintiff for execution authorizations for the release of medical records for any treatment received as a result of the alleged incident. Accordingly, defendants require this enlargement so that this Office may obtain the underlying documentation, properly investigate the allegations of the complaint and fulfill its obligations under Rule 11 of the Federal Rules of Civil Procedure.

Moreover, we must ascertain whether the officers named in this action have been served with the summons and complaint.[1] If service has been effectuated, then pursuant to Section 50-k of the New York General Municipal Law, this Office must determine, based on a review of the case, whether we may represent each officer. Each officer must then decide whether he wishes to be represented by this Office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If so, we must obtain each officer's written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

In view of the foregoing, it is respectfully requested that the Court grant the within request. Thank you for your consideration herein.

Respectfully submitted,

Brian Francolla
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Michael Hueston, Esq. (By fax)
      Attorney for Plaintiff
      350 Fifth Avenue, Suite 4810
      Empire State Building
      New York, New York 10118
      Fax: (212) 643-2901

---

[1] According to the docket sheet, the individuals identified in the caption of the complaint as Correction Captain Williams, Correction Officer Gator, Correction Officer Houston and Correction Officer McCoy have not been served with a copy of the summons and complaint. Moreover, upon information and belief, these individuals have not requested legal representation from the Office of the Corporation Counsel. Without making any representation on behalf of these individuals, it is respectfully requested that, in the event they were served, their time to respond to the complaint similarly be enlarged so that their defenses are not jeopardized while representational issues are being decided.